## Case No. 14,253.

### TURNER et al. v. The BLACK WARRIOR.

### [1 McAll. 181.] [1]

Circuit Court, N. D. California.  July Term, 1856.

CARRIERS BY WATER — DAMAGE TO GOODS — BILL OF LADING—BURDEN OF PROOF.

1. The bill of lading is prima facie evidence that the goods were shipped in good condition; and if not delivered in like condition, the onus lies on the carrier of proving the damage was the result of one of the causes excepted against.

[See Bearse v. Ropes, Case No. 1,192.]

2. The carrier is still liable, if the damage could have been avoided by skill and diligence.

3. So soon as the carrier has established the damage as having come within the exception of the bill of lading, the burden of proof is on the shipper to prove want of skill or diligence.

4. The weight which is due to the bill of lading as to the condition of goods, depends upon their nature and character.

5. When a chemical cause is assigned for damage to goods, evidence of experts is admissible.

6. The proofs must be limited to the averments in the answer.

This case is an appeal from a decree rendered in favor of the libelants by the district court of the United States for the Northern district of California.  The libel propounds that in the year 1855, the libelants shipped on board the Black Warrior [Murphy, claimant] certain hogsheads and barrels of pure spirits, in good order, and well-conditioned, at ——, to be carried thence to San Francisco; and that, notwithstanding libelants have paid freight and primage on said spirits, they have not been delivered in good order; but, by the carelessness of the master and crew of said vessel, have been destroyed, with the exception of a small quantity remaining in one of the said barrels.  The answer affirms the spirits were well stored; denies all carelessness, and avers that if any damage has accrued to them, it is owing to the unfitness and defects in the barrels and casks.  To this answer, a replication was filed.

Julius K. Rose, for appellants.

Manchester & Hodges, for appellee.

McALLISTER, Circuit Judge.  That damage has accrued, and the amount thereof, are not disputed in this case.  The only question is, whence arose this damage?  No copy of the bill of lading has been given in evidence.  It is, however, admitted to be in the usual form.  It admits that the spirits were shipped in good order, and this imposed on the carrier the duty of delivering them in like condition; and if not so delivered, the onus of proving the damages as the result of one of the causes excepted against in the bill of lading, rests upon the carrier.  Has he done this?  If he has established any such fact, he still may be

made liable, if such peril could have been avoided by skill and diligence.  But so soon as the carrier has established the cause of damage to have been within the exception of the bill of lading, and the shipper seeks to charge him with negligence, the onus of proving such negligence rests upon the shipper.  Clark v. Barnwell, 12 How. [53 U. S.] 272, 280, 281, 287.

The first inquiry is, has the carrier established by proof, that the damage was the result of a cause with which human agency had nought to do; in other words, that it was the result of one of the causes excepted by the bill of lading?  The allegation in the libel is, that the carelessness of the carrier was the cause of damage.  Now, if the carrier does not prove that the damage accrued from one of the excepted causes, the law fixes upon him negligence.  To elude a recovery in this case, in his answer he avers that the damages (if any) arose from the unfitness and defects of the barrels and casks.  In determining this issue, the character of the articles transported, and their exterior condition, must be considered.  They were not silks, inclosed with exterior and interior wrappers, the exterior of which might be in good condition, while the interior might be unsound and damaged,—a fact difficult or impracticable to be ascertained, even on inspection.  Nor were the articles like spools of thread, packed in small wooden boxes lined with paper, and these small boxes again in a larger box lined, with paper between the boxes, as in the case of Clark v. Barnwell, 12 How. [53 U. S.] 279.  Had the articles in this case been similar in character to those, the acknowledgment in the bill of lading would not have been satisfactory evidence of their condition.  These were hogsheads and barrels, and their unfitness and defects were attempted to be established by proof that they were not bound with iron, and that some of the hoops upon them were molded.  To this there was opposing testimony, by persons who had inspected them, which established the fact they were equally good as the average casks and barrels ordinarily used for the transportation of spirits.  The district judge,—who, it seems, had submitted to his personal inspection some of these casks,—from a view of them, and from the whole testimony, came to the conclusion that the fact of the defect in the casks was not made out.  I do not think that conclusion should be disturbed, particularly where, as in this case, the carrier has admitted the articles were in good condition, in the bill of lading, and the character of the article and of the defects alleged, is such as was capable of ready detection on even casual inspection.  Under such circumstances, the acknowledgment of the master, fortified as it is by the parol testimony of persons who have inspected the articles, authorizes the conclusion that the carrier has not established the defense

set up on this ground. Here this case might end.

But a second ground of defense has been taken in the argument of counsel, no foundation for which is laid by any averment in the answer. That ground is, that there was an evaporation of the spirits, a chemical cause, the work of natural laws, which produced the damage, and is a cause excepted against in the bill of lading. We have seen that the onus of proof on this point is with the carrier. It is not until he has established the fact, that the necessity of proving negligence is imposed upon the opposite party. In this case, no attempt has been made to prove the probability of evaporation. The question is a scientific one; and if the intention of the party had been to rely upon it, he should have procured the testimony of experts in relation to it. In Rich v. Lambert, 12 How. [53 U. S.] 347, the respondent rested his defense on the ground that the cotton thread (in that case) had been damaged by the dampness of the hold of the vessel solely, and he proved the fact. The court say, all the witnesses concur in the conclusion that the damage was occasioned by the humidity of the ship's hold, producing mold and mildew. In the case at bar no one witness has sustained this theory. The argument is, that if the barrels were good and well stowed, the inference is that the damage was occasioned by partial evaporation, which disabled the barrels to resist external pressure, and therefore they must have leaked. Now, this is a theory. No evidence has been given to establish it as a fact; no evidence to determine what given quantity in a certain-sized barrel will evaporate in a given time, or how much will evaporate before the barrel will probably leak. No one witness, an expert or one practically acquainted with the business, has given his conclusions upon this subject. Perhaps the reason is that it is an afterthought, for nothing of the kind is averred in the answer. It states that if any damage occurred it arose from the carelessness of libelants, viz., the shipping of the barrels in bad order, not in condition to be shipped. The single issue raised is the fitness of the barrels. The bill alleges the articles were in good order; the answer avers they were "unfit to be shipped." This question has been decided against the respondent; and he seeks to evade a recovery on a distinct ground from that taken in the answer. In that he attributed the damage to the act of the respondent; he now attributes it to an inevitable cause—evaporation. He cannot allege one cause and prove another. In Rich v. Lambert, 12 How. [53 U. S.] 356, the court say, "The libelants charge the damage to the goods to have been occasioned by the improper storage of the cargo. This is denied in the answer; and, as the recovery must be had, if at all, according to the allegations in the pleadings,

it is incumbent on the libelants to maintain this ground by proof." Again, they say, "To permit the libelant to recover upon this ground (not stated in the bill) would be a departure from that upon which they have chosen to place their right of action in the pleadings." Id. 369. Mutatis mutandis, it may be said that to permit the respondent to rest his defense on the ground that the damage was the result of a natural cause, would be a departure from the ground on which he placed his defense in his pleading.

In view of all the testimony, and of the law applicable to it, the conclusion to which I am arrived is, that the decree of the court below must be affirmed. It is therefore ordered that a decree be entered affirming in all respects the decree of the court below.